**Nathan Morrell ROGERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 82 041 CR.**

Court of Appeals of Texas, Beaumont.

March 23, 1983.

Discretionary Review Refused July 20, 1983.

James DeLee, Nederland, for appellant.

R.W. Fisher, Asst. Criminal Dist. Atty., Beaumont, for appellee.

OPINION

DIES, Chief Justice.

Appellant was convicted of delivery of marijuana and sentenced to six (6) years confinement in the Texas Department of Corrections, from which he has perfected appeal to this court. His single ground of error urges the evidence is insufficient to support the conviction. An undercover officer purchased the substance from the appellant. It was then marked and delivered to the Beaumont laboratory. A technician, who tested the substance, testified it was marijuana. Probably through inadvertance, the two bags of marijuana were never introduced into evidence by the State. It is on this basis alone, appellant grounds his contention of insufficiency of the evidence to sustain the conviction.

It would certainly have been the better practice for the State to introduce the bags in evidence, but, on the authority of *Lake v. State,* 577 S.W.2d 245 (Tex.Cr.App.1979), we hold that the failure to introduce the marijuana into evidence was not reversible error. That case is not completely on point because there the substance had been destroyed before the trial. However, the court did write (at p. 246):

> "Under such circumstances it is not error to convict for possession of drugs absent the physical presence of the drug itself, providing the drug has been analyzed and the chain of custody explicated."

This ground of error is overruled.

The judgment of the trial court is affirmed.