Larry Dewayne **BEVERS**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–82–135–CR.

Court of Appeals of Texas, Fort Worth.

March 30, 1983.

Robert C. Roe, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty. and Richard B. Roper, Asst. Dist. Atty., Fort Worth, for the State.

Before FENDER, C.J., and BURDOCK and SPURLOCK, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Larry Dewayne Bevers, had been convicted on a plea of guilty of theft of property between $200.00 and $10,000.00 and sentenced to ten years confinement in the Texas Department of Corrections. He had been granted probation. This probation was revoked in the instant proceeding after the court found that Bevers had violated its terms by committing the offense of possessing amphetamine in an amount of less than two hundred grams. The court sentenced Bevers to complete his ten year sentence for the prior offense.

We affirm.

Bevers raises three grounds of error attacking this revocation. His first ground of error asserts that the trial court abused its discretion in revoking probation because the evidence is insufficient to show that he

possessed the amphetamine. His second and third grounds of error attack a search warrant in this case because the supporting affidavit failed to show proof of probable cause.

■ As this is a revocation proceeding, the State satisfies its burden of proof when the greater weight of the credible evidence creates a reasonable belief that the alleged violation occurred. The trial court is the sole trier of facts and sole judge of the credibility of the witnesses and the weight to be given to testimony. *Taylor v. State,* 604 S.W.2d 175 (Tex.Cr.App.1980). To sustain a finding that a person knowingly possessed a narcotic, the evidence must affirmatively link the accused to the narcotic in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the existence of the narcotic and he exercised control of it. *Rodriguez v. State,* 635 S.W.2d 552 (Tex.Cr.App.1982).

■ The record reveals that upon the search of the bedroom where Bevers was found, the police found:

(1) a Brown bag with a personal pager clipped to the side of the bag and a black book between the clip. The pager had Bevers' name and telephone number on it. The black book also had Bevers' name on it and contained notations of various drug "frontings" with the dollar amounts involved. A bottle containing amphetamine was found inside the bag along with several car titles and men's clothing (Bevers was not dressed when the officers entered the room).

(2) A partially full syringe, a small brown bag (both containing amphetamine), and some scales on the only table in the room.

(3) Small brown vial containing amphetamine, a belt with name "LARRY" on it, and an accordian-type folder containing $53,-000.00 on the floor.

(4) Two envelopes with Bevers' name on them in the closet.

We hold the above evidence is sufficient to affirmatively link Bevers to the narcotics in the room. The trial court did not abuse its discretion in revoking Bevers' probation for violating the conditions of his probation in possessing the narcotics. Ground of error one is overruled.

Bevers' second ground of error urges that the search warrant affidavit was insufficient under the second prong of the *Aguilar-Spinelli* test and the evidence stemming from it should be supressed. *See Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Specifically, Bevers complains that the instant affidavit does not show the reliability of the informant because it avers that the informant had furnished reliable information to *other* law enforcement agencies concerning drug trafficking but there is nothing in the affidavit to show *how* the affiant knew that the informant had furnished such information. Bevers asserts that the affiant's claim that the informant had given reliable information to other law enforcement agencies amounted to hearsay.

■ An affidavit in support of a search warrant must show probable cause to search. The second prong of the *Aguilar-Spinelli* test requires "some showing of [the] reliability of the informant." *Spinelli, supra.* The reliability or credibility of an unnamed informant may be established simply by allegations to the effect that he has given reliable information in the past. *Avery v. State,* 545 S.W.2d 803 (Tex.Cr. App.1977). The affiant may rely on the word of fellow officers or law enforcement agencies regarding the informant's reliability. *See United States v. Jeffers,* 621 F.2d 221 (5th Cir.1980); Cf. *Gish v. State,* 606 S.W.2d 883 (Tex.Cr.App.1980).

■ Even if the affiant was derelict in not spelling out his contacts with the other agencies regarding the informant, the informant's statements were corroborated by other information contained in the affidavit. Independent observations by the affiant which corroborate details of the tip may be used to buttress the showing of probable cause since these observations negate the possibility that the informant lied. *See Spinelli, supra; Wood v. State,* 573 S.W.2d 207,

214 (Tex.Cr.App.1978). In the instant affidavit, the affiant stated that other reliable informants known to him told him that Bevers had a large amount of amphetamine in his automobile parked in front of the residence. Also, the affiant checked the lease car rentals and records which showed that a car said to be at the residence by the informant was in fact leased to the owner of the residence and was in fact at the residence. We hold that the averment that the informant had given reliable information to law enforcement agencies in the past, corroborated by the independent observations of the affiant contained in the affidavit, constitutes a showing of the reliability of the informant sufficient as a basis for probable cause. Bevers' claim that the information is hearsay is without merit because hearsay may be used as a basis for probable cause. *Rios v. State,* 623 S.W.2d 496 (Tex.App.1981).

Bevers also raises the contention that the affidavit does not show how the informant knew the substance at the residence was amphetamine. This contention is also without merit as an affidavit need not state an informant's qualifications to identify narcotics. *Torres v. State,* 552 S.W.2d 821 (Tex.Cr.App.1977). Ground of error two is overruled.

Bevers' third ground of error asserts that the affidavit contains a deliberate false statement and was therefore insufficient. Specifically, he complains that the affidavit avers that the informant proved reliable in the past and the affiant testified in court that this was his first dealing with the informant. The affidavit states that the affiant was relying on other officers to establish the reliability of the informant. This ground is without merit. It is also overruled.

The judgment is affirmed.