Penny TOLBERT, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–85–209 CR.

Court of Appeals of Texas, Beaumont.

May 21, 1986.

Rehearing Denied June 11, 1986.

James A. Clark, Woodville, Darryl G. Campbell, Houston, for appellant.

Patrick O. Hardy, Dist. Atty., Woodville, for appellee.

OPINION

BURGESS, Justice.

Penny Tolbert plead guilty to Theft in September, 1984. The court withheld a finding of guilt and placed appellant on an unadjudicated probation for eight years. Thereafter, in December, 1984, a motion was filed to adjudicate her guilt and revoke the probation. On February 8, 1985, the court adjudicated her guilt, sentenced her to eight years confinement in the Texas Department of Corrections, and then suspended the sentence, placing her on probation for eight years. On March 19, 1985, a motion was filed to revoke this probated sentence. The motion, in pertinent part stated:

"... That Defendant has violated the following conditions of said probation in that:

a. Commit no offense against the laws of this State or any other State or the United States;

Defendant did commit an offense against the laws of this State to-wit: Possession of Marijuana on or about the 18th day of March, 1985 in Tyler County, Texas."

After a hearing, the trial court found appellant had violated the terms and conditions of probation and ordered the probation revoked, sentencing her to eight years in the Texas Department of Corrections. Appellant brings forth three grounds of error.

The first ground of error alleges the trial court erred in overruling appellant's motion to quash the petition (sic) to revoke probation. The motion to quash states the petition (sic) failed to allege with certainty what order was alleged to have been violated, failed to allege with certainty what acts appellant was alleged to have committed or that were in violation of her probation and the petition (sic) did not allege a violation of the law.

■ The failure to allege all the elements of an offense which would render an indictment or information defective does not so render a motion to revoke. Thus a motion to revoke may not be defective merely for failing to allege all the elements of an offense. *Labelle v. State*, 692 S.W.2d 102 (Tex.Crim.App.1985). A motion to revoke probation is sufficient if it gives fair notice of the violation involved. *Bradley v. State*, 608 S.W.2d 652 (Tex.Crim.App. 1980). Here, the motion gave appellant fair notice she was being charged with a violation of condition (a) of her probation order and that violation was possession of marijuana. Ground of error number one is overruled.

■ The second ground of error complains of the trial court admitting the alleged contraband into evidence. The objection to the introduction of the evidence was to the "chain of custody". Earlier the officer had testified, without objection, that the substance in appellant's purse was, in his opinion, marijuana. This testimony was sufficient for the trial judge to find it was marijuana. *Boothe v. State*, 474 S.W.2d 219 (Tex.Crim.App.1971). The officer then testified the items were the ones he had found in appellant's purse. While it is true the officer could not give a first hand account for the items from the time he seized them until he identified them at trial, this only goes to the weight to be given and not to the admissibility. *Carver v. State*, 488 S.W.2d 787 (Tex.Crim.App.1973). *Compare Easley v. State*, 472 S.W.2d 128 (Tex. Crim.App.1971). Ground of error number two is overruled.

■ Ground of error number three complains the trial court abused its discretion because the state did not prove that appellant intentionally and knowingly possessed a usable quantity of marijuana. Appellant alleges the state failed to prove both the requisite intent and that there was a usable quantity of marijuana. As to the first contention, the officer testified that while inventorying appellant's purse, he found two partially-burned hand rolled cigarettes and a matchbox containing a green leafy substance. As previously noted, the officer testified these items were marijuana. Ap-

pellant produced a witness who admitted ownership of the cigarettes and the matchbox. Appellant testified she did not know the items were in her purse. In a probation proceeding, the trial judge is the sole trier of the facts, the credibility of the witnesses and the weight to be given particular testimony. *Naquin v. State*, 607 S.W.2d 583 (Tex.Crim.App.1980). The evidence must affirmatively link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and of its whereabouts. *Waldon v. State*, 579 S.W.2d 499 (Tex.Crim.App.1979). Here, the evidence was found in appellant's purse. The officer had testified he smelled the odor of marijuana in appellant's car when she was arrested. The evidence is sufficient to show appellant intentionally and knowingly possessed the marijuana.

The state, however, did not make any direct proof that the marijuana found in the matchbox and the partially-burned cigarettes was a "usable quantity". A court may take judicial notice that a certain amount of marijuana is a usable quantity. *Cooper v. State*, 648 S.W.2d 315 (Tex.Crim. App.1983). A usable quantity is that amount sufficient to be used in cigarette form. *Andrade v. State*, 662 S.W.2d 446 (Tex.App.—Corpus Christi 1983, pet. ref'd). In *Mitchell v. State*, 482 S.W.2d 223 (Tex. Crim.App.1972), there was some confusion as to the amount of marijuana as testified to by the chemist. The appeals court, viewed the exhibit, which was a matchbox over one-half full of marijuana, and held that amount was sufficient to support the conviction. We have viewed the contraband in this instance. The matchbox is approximately three-fourths full. This is an amount sufficient to constitute a usable quantity and thus will support the judgment. The last ground of error is overruled. The revocation of probation is affirmed.

AFFIRMED.