**Nathaniel FREEMAN, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–95–002–CR.

Court of Appeals of Texas,
Fort Worth.

March 7, 1996.

Billy C. Williams, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Betty Marshall, Asst. Chief Appellate Sec., Chuck Mallin, Asst. Chief Appellate Sec., John A. Stride, Asst. Crim. Dist. Atty., Lisa Mullen, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

Before LIVINGSTON, DAUPHINOT and BRIGHAM, JJ.

## OPINION

DAUPHINOT, Justice.

Appellant Nathaniel Freeman pleaded guilty to attempted murder, and the trial court assessed a sentence of ten years' confinement probated for ten years. As a condition of his probation, Freeman was ordered to commit no offense against the laws of Texas, any other state, or the United States. The State filed a petition to revoke Freeman's probation alleging commission of a new offense, possession of cocaine with intent to deliver. The petition also alleged unauthorized carrying of a weapon, but the State offered no proof of that offense.

On appeal, Freeman raises three points of error challenging: (1) the sufficiency of the evidence to revoke his probation; (2) the sufficiency of the evidence regarding probable cause and the validity of the search warrant; and (3) the right of the trial court to reopen the revocation hearing after orally revoking Freeman's probation.

Because the trial court had no authority to allow the State to reopen or to grant a new trial after revoking Freeman's probation, Freeman's third point of error is sustained. However, in overruling Freeman's attack on the sufficiency of the evidence in point of error one, we find that any error in allowing the State to reopen was harmless. Point of error two is also overruled and the judgment of the trial court is affirmed.

In his third point of error, Freeman complains that the trial court improperly allowed the State to reopen. Freeman is correct.

■ The general rule is that the trial court must allow the State to reopen if the motion to reopen is made before the argument of a cause is concluded and if it appears that it is necessary to a due administration of justice.[1] In the case before us, however, not only was argument completed, the trial court had rendered its verdict revoking Freeman's probation. And, furthermore, Freeman had already given notice of appeal. When the State moved to reopen, the State was, in effect, moving for a new trial. Only the defendant in a criminal case may move for a new trial.[2] The State is precluded from moving for a new trial, nor may the trial court grant a new trial on its own motion.[3] It was, therefore, error for the trial court to allow the State to reopen to offer the cocaine into evidence. Freeman's third point of error is sustained.

■ Unfortunately for Freeman, our inquiry does not end here. Freeman challenges the sufficiency of the evidence to support the trial court's granting the State's motion to revoke Freeman's probation. If evidence is erroneously admitted, it is nevertheless considered when determining sufficiency of the evidence. When, however, the evidence is admitted during a proceeding which is found to be a nullity, it is not considered because it is as though the proceeding never occurred.[4] Because the State was improperly allowed to reopen, the subsequent hearing was a nullity. Consequently, we look only to that evidence which was offered up to the time both sides rested and closed, arguments were presented, and the trial court granted the motion to revoke for the first time.

In the State's petition, the State contended that:

1. The Defendant, NATHANIEL FREEMAN, was ordered by the Court to commit no offense against the laws of this State, or any other State or the United States. The Defendant on or about the 29TH DAY OF DECEMBER, 1993, in the County of Dallas and State of Texas, did UNLAWFULLY, KNOWINGLY AND INTENTIONALLY POSSESS WITH INTENT TO DELIVER A CONTROLLED SUBSTANCE, NAMELY: COCAINE, IN AN AMOUNT BY AGGREGATE WEIGHT INCLUDING ANY ADULTERANTS OR DILUTANTS OF LESS THAN 28 GRAMS.

■ The State's burden of proof in a revocation proceeding is by a preponderance of the evidence.[5] Where the sufficiency of the evidence to support the trial court's order is challenged, we review the evidence in the light most favorable to the trial court's findings.[6] The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony.[7]

■ Appellate review of an order revoking probation is limited to a determination of whether the trial court abused its discretion.[8] Where the State has failed to meet its burden of proof, the trial court abuses its discretion in issuing an order to revoke probation.[9]

■ At the hearing on the State's petition, the State presented two witnesses. The first witness was Officer Steve Hamilton, who executed the search warrant and found Freeman in a bedroom with the cocaine and several documents belonging to Freeman.

---

1. Tex.Code Crim.Proc Ann. art. 36.02 (Vernon 1981).

2. Tex.R.App P. 30.

3. *See Id.*

4. *See Meriwether v. State,* 840 S.W.2d 959, 960 (Tex.App.—Beaumont 1992, pet ref'd).

5. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim. App.1993).

6. *Jackson v. State,* 645 S.W.2d 303, 305 (Tex. Crim.App.1983).

7. *Garrett v. State,* 619 S.W.2d 172, 174 (Tex. Crim.App. [Panel Op.] 1981).

8. *Jackson,* 645 S.W.2d at 305.

9. *Cardona v. State,* 665 S.W.2d 492, 493 (Tex. Crim.App.1984).

The cocaine was located on the floor of the bedroom on a plastic tray.

Freeman's presence in a bedroom with a controlled substance was sufficient to show he exercised care, custody, and control over the cocaine.[10] The additional fact that Officer Hamilton found documents belonging to Freeman in the room are simply other elements which show that Freeman exercised care, custody, and control over the bedroom and its contents and was not merely a chance visitor.[11]

The second witness was Dana Michelle Baxter, a forensic examiner for Forensic Consultant Services. Baxter testified that the substance collected by Officer Hamilton tested positive for cocaine and weighed 3.00 grams.

Freeman complains that the small amount of cocaine found at that location does not support a finding of intent to deliver. He is correct in stating that three grams of cocaine is a very small amount of cocaine; but, when combined with Officer Hamilton's testimony that he also found several half-inch square zip-locked bags generally used to package cocaine for distribution, there was some evidence upon which the trial court could base the finding of Freeman's intent to redistribute or to deliver it.

 Freeman also complains that there are gaps in the chain of custody of the cocaine. Freeman does not contend that he was denied access to the cocaine for purposes of analysis. His complaints regarding the chain of custody, therefore, simply go to the weight of the evidence and not to its admissibility.[12]

It is not necessary that the cocaine itself be offered into evidence. It is sufficient that Officer Hamilton testified that he found the cocaine in the same room in which he located Freeman and that the chemist could testify that the substance was indeed cocaine.[13]

Freeman's first point of error is overruled.

 In his second point of error, Freeman complains that the trial court erred by failing to require an offer of proof regarding probable cause and the validity of the search warrant. Because Freeman did not raise these issues at the revocation hearing and because Freeman cites no authority for requiring such offer of proof, he has failed to preserve error, if any.[14] Freeman's second point of error is overruled.

The judgment of the trial court is affirmed.

---

**10.** *See Curtis v. State,* 519 S.W.2d 883, 886 (Tex. Crim.App.1975).

**11.** *See Bevers v. State,* 649 S.W.2d 147, 149 (Tex. App.—Fort Worth 1983, no pet.).

**12.** *Tolbert v. State,* 711 S.W.2d 380, 381 (Tex. App.—Beaumont 1986, pet. ref'd).

**13.** *Lake v. State,* 577 S.W.2d 245, 246 (Tex.Crim. App. [Panel Op.] 1979).

**14.** Tex.R.Crim.Evid. 103(a); Tex.R.App.P. 52(a) & 74(f).