**ASSOCIATED GENERAL CONTRACTORS OF TEXAS, INC., and Dan Williams, an Individual, Appellants,**

v.

**CITY OF EL PASO, Appellee.**

No. 08–95–00361–CV.

Court of Appeals of Texas, El Paso.

May 16, 1996.

Rehearing Overruled June 12, 1996.

Charles W. Stuber, Jeffrey A. Brannen, Canterbury, Stuber, Pratt, Elder & Gooch, Dallas, TX, for Appellants.

David C. Caylor, City Attorney, Laura P. Gordon, Asst. City Attorney, El Paso, TX, for Appellee.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

### OPINION

BARAJAS, Chief Justice.

This is an appeal from the denial of Appellants' application for a temporary injunction. We affirm.

## I. SUMMARY OF THE EVIDENCE

Appellants brought this cause of action to enjoin Appellee from entering into any public works contracts. Appellants alleged that Appellee "has not properly and legally ascertained the general prevailing rates of per diem wages for building or highway construction in the City of El Paso as required by Article 5159(a), Section 2(a) (of the Texas Revised Civil Statutes)." The trial court originally dismissed this action for want of jurisdiction. We reversed the trial court's dismissal and remanded the cause for further findings. *See Associated Gen. Contractors of Texas, Inc. v. City of El Paso,* 879 S.W.2d 318 (Tex.App.—El Paso 1994, no writ).

At the hearing on the temporary injunction, Appellants stipulated that they were not contesting Appellee's adoption of the wage rates for "highway construction." However, Appellants are continuing to dispute the va-

lidity of Appellee's adoption of the wage rates for "building construction." The trial court denied Appellants' request for injunctive relief without stating the reasons therefor.

## II. DISCUSSION

■ Appellants attack the judgment of the trial court in a sole point of error, contending that the "trial court erred in denying the Appellant's request for Temporary Injunction as Appellants showed that they were entitled to have the status quo of the subject matter of the suit preserved pending a trial on the merits." We disagree.

■ The issuance of a writ of injunction is an extraordinary equitable remedy, and its use should be carefully regulated. *Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517, 519 (1961); *Raine v. Searles,* 302 S.W.2d 486, 487 (Tex.Civ.App.—El Paso 1957, no writ). The only question before the trial court at the hearing for a temporary injunction is whether the applicant is entitled to the preservation of the status quo pending a trial on the merits. *Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex.1993) (per curiam). The applicant for an injunction must plead a cause of action, show a probable right to recover the relief sought, and probable injury in the interim. *Sun Oil Co. v. Whitaker,* 424 S.W.2d 216, 218 (Tex.1968). It is an abuse of discretion for a trial court to grant a temporary injunction unless it is clearly established that the applicant is threatened with an actual irreparable injury if the injunction is not granted. *City of Arlington v. City of Fort Worth,* 873 S.W.2d 765, 768 (Tex.App.—Fort Worth 1994, writ dism'd w.o.j.); *Mother & Unborn Baby Care of N. Texas, Inc. v. Doe,* 689 S.W.2d 336, 338 (Tex.App.—Fort Worth 1985, writ dism'd). "Irreparable injury" is stated to be "an injury of such nature that the injured party cannot be adequately compensated therefor[ ] in damages, or that the damages which result therefrom cannot be measured by any certain pecuniary standard." *Canteen Corp. v. Republic of Texas Properties, Inc.,* 773 S.W.2d 398, 401 (Tex. App.—Dallas 1989, no writ).

■ The decision to grant or deny a temporary injunction is properly left to the sound discretion of the trial court. Appellate review of a trial court's order granting or denying a temporary injunction is limited to a determination of whether there has been a clear abuse of discretion by the trial court. *Walling,* 863 S.W.2d at 58; *Davis v. Huey,* 571 S.W.2d 859, 861–62 (Tex.1978); *Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460, 462 (1952). If conflicting evidence is presented, the appellate court must conclude that the trial court did not abuse its discretion in entering its order. *Henderson v. KRTS, Inc.,* 822 S.W.2d 769, 773 (Tex. App.—Houston [1st Dist.] 1992, no writ).

■ In the instant case, the trial court heard conflicting evidence on the issue of probable right of recovery. At the hearing on the temporary injunction, Appellants alleged that the building construction survey adopted by the city council violated TEX.REV. CIV.STAT.ANN. art. 5159a [1], *repealed by* Acts 1995, 74th Leg., ch. 76, § 5.49(b) (effective Sept. 1, 1995), because (1) the council adopted a preexisting survey (did not adopt one that they had conducted), and (2) the survey was not limited to the city limits of El Paso. In contrast, Appellee put forth evidence that (1) the adopted survey complied with TEX.REV.CIV.STAT.ANN. art. 5159a, and (2) the city council intended to comply with TEX.REV.CIV.STAT.ANN. art. 5159a. An abuse of discretion does not exist if the trial court

1. TEX.REV.CIV.STAT.ANN. art. 5159a is now codified at TEX.GOV'T CODE ANN. § 2258.022(a) (Vernon Supp.1996), which provides:

   (a) A public body shall determine the general prevailing rate of per diem wages in the locality in which the public work is to be performed for each craft. or type of worker needed to execute the contract and the prevailing rate for legal holiday and overtime work by:

   (1) conducting a survey of the wages received by classes of workers employed on projects of a character similar to the contract work in the political subdivision of the state in which the public work is to be performed; or

   (2) using the prevailing wage rate as determined by the United States Department of Labor in accordance with the Davis–Bacon Act (40 U.S.C. Section 276a et seq.), if the survey used to determine that rate was conducted within a three-year period preceding the date the public body calls for bids for the public work.

heard conflicting evidence and evidence appears in the record that supports the trial court's decision. *Davis*, 571 S.W.2d at 862; *Seaborg Jackson Partners v. Beverly Hills Sav.*, 753 S.W.2d 242, 245 (Tex.App.—Dallas 1988, no writ).[2] Accordingly, we overrule Appellant's Point of Error No. One.

Jim Lindeman, Houston, for Appellant.

Calvin Hartman, Houston, for Appellee.

Before SCHNEIDER, C.J., and ANDELL and TAFT, JJ.

2. We also find no abuse of discretion with regard to the trial court's implied finding that Appellants did not demonstrate that they would suffer irreparable injury absent injunctive relief. With regard to such requirement, Appellants merely asserted that the higher wage rates would be costly and would create dissension between those workers in a construction company receiving the higher city wages and those who were not.