TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00590-CV







In the Matter of J. A. P.







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT


NO. C-95-0136-J, HONORABLE DICK ALCALA, JUDGE PRESIDING 






PER CURIAM


 The trial court determined that juvenile J.A.P. violated his probation by committing the
offenses of possession of an illegal knife, terroristic threat, and burglary. The court modified J.A.P.'s
disposition order and committed him to the Texas Youth Commission. On appeal, J.A.P. essentially
challenges the evidentiary support for the three bases of the modification. We will affirm the judgment.

 The State's motion to modify arose in part out of an altercation at a mall between J.A.P.
and other youths. J.A.P. and his friend, Anthony, were at some pay telephones at the mall when they were
confronted by a youth named Bronshae and his friends. Anthony testified that there were fifteen boys with
Bronshae, but Bronshae said there were only five. Bronshae and Anthony started arguing, then Bronshae's
friend, Marcus, started arguing with J.A.P. Bronshae and Anthony both testified that Marcus hit J.A.P. in
the chest, then J.A.P. pulled out the blade portion of a dagger. (Anthony testified that Bronshae pulled out
a knife before J.A.P. did, but Bronshae denied that he or any of his friends had a knife.) J.A.P. warned
his opponents that, if they touched him again, he would cut them. Mall security detained him and seized
the knife.

 J.A.P. contends by his second point of error that the court erred in finding that the
instrument seized was an illegal knife. Possession of this knife violated the provision of his probation order
that he commit no offense against state law. We interpret J.A.P.'s contention as a challenge to the
sufficiency of the evidence supporting the conclusion that the knife was illegal. Before judging the
sufficiency, we must define the scope and standard of our review.

 The statute defining the right of appeal does not define the scope or standard of appellate
review. We will borrow from the standards for adult probation where appropriate. These more stringent
standards will afford J.A.P.'s rights the same or greater level of protection available under the civil
standards. See In re M.S., No. 03-96-00430-CV, slip op. at 6 (Tex. App.--Austin Feb. 27, 1997). To
gain modification of the disposition order for J.A.P., the State had to prove by a preponderance of the
evidence that he violated a reasonable and lawful order of the court--the same burden of proof required
for revocations of adult probation. Tex. Fam. Code Ann. § 54.05(f) (West 1996)(juvenile modification);
see also Freeman v. State, 917 S.W.2d 512, 514 (Tex. App.--Fort Worth 1996, no pet.) (same
standard for revocation of adult probation). We review the decision to modify the disposition for an abuse
of discretion. See In re R.C., 493 S.W.2d 620, 626-627 (Tex. Civ. App.--Amarillo 1973, writ ref'd
n.r.e.) (revocation of juvenile probation); Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App.
1983) (revocation of adult probation). The court errs if insufficient evidence supports its conclusion. In
reviewing a legal sufficiency challenge, we will review all of the evidence in the light most favorable to the
court's order See M.S., slip op. at 5-6, n.2. In reviewing a factual sufficiency challenge, we consider all
the evidence and can reverse the judgment and remand the case if the finding is so against the overwhelming
weight and preponderance of the evidence as to be manifestly unjust. Cf. Clewis v. State, 932 S.W.2d
126, 128 (Tex. Crim. App. 1996) (standard for reviewing criminal conviction).

 J.A.P. contends that the court erred by finding that he possessed an illegal knife because
his weapon was too dull and thick to fit the statutory definition of illegal knife; he disputes, not that he
possessed the instrument, but the characterization of the instrument. A knife is "any bladed hand instrument
that is capable of inflicting serious bodily injury or death by cutting or stabbing a person with the
instrument." Tex. Penal Code Ann. § 46.01(7) (West 1994). A dagger is an illegal knife. Id. § 46.01(6). 
The only evidence supporting J.A.P.'s contention that the knife was too dull to inflict the requisite injury is
his interpretation of the knife's appearance. The mall security officer who detained J.A.P. noted marks on
the knife from it being sharpened. The officer testified that the weapon was a double-edged blade without
a handle--a dagger blade. Bronshae believed that J.A.P. would (and therefore could) cut him when he
brandished the dagger. We conclude that legally and factually sufficient evidence supported the finding that
the weapon was an illegal knife. The trial court did not abuse its discretion in reaching that conclusion. We
overrule point of error two.

 Possession of an illegal knife violates state law. Id. § 46.02. J.A.P.'s violation of state law
violated a term of his probation order. Because this violation of his probation is sufficient to support the
modification of the disposition order, we need not consider the remaining points of error which challenge
other findings of violations of the same provision of the probation order.

 We affirm the judgment.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: May 8, 1997

Do Not Publish



 in part out of an altercation at a mall between J.A.P.
and other youths. J.A.P. and his friend, Anthony, were at some pay telephones at the mall when they were
confronted by a youth named Bronshae and his friends. Anthony testified that there were fifteen boys with
Bronshae, but Bronshae said there were only five. Bronshae and Anthony started arguing, then Bronshae's
friend, Marcus, started arguing with J.A.P. Bronshae and Anthony both testified that Marcus hit J.A.P. in
the chest, then J.A.P. pulled out the blade portion of a dagger. (Anthony testified that Bronshae pulled out
a knife before J.A.P. did, but Bronshae denied that he or any of his friends had a knife.) J.A.P. warned
his opponents that, if they touched him again, he would cut them. Mall security detained him and seized
the knife.

 J.A.P. contends by his second point of error that the court erred in finding that the
instrument seized was an illegal knife. Possession of this knife violated the provision of his probation order
that he commit no offense against state law. We interpret J.A.P.'s contention as a challenge to the
sufficiency of the evidence supporting the conclusion that the knife was illegal. Before judging the
sufficiency, we must define the scope and standard of our review.

 The statute defining the right of appeal does not define the scope or standard of appellate
review. We will borrow from the standards for adult probation where appropriate. These more stringent
standards will afford J.A.P.'s rights the same or greater level of protection available under the civil
standards. See In re M.S., No. 03-96-00430-CV, slip op. at 6 (Tex. App.--Austin Feb. 27, 1997). To
gain modification of the disposition order for J.A.P., the State had to prove by a preponderance of the
evidence that he violated a reasonable and lawful order of the court--the same burden of proof required
for revocations of adult probation. Tex. Fam. Code Ann. § 54.05(f) (West 1996)(juvenile modification);
see also Freeman v. State, 917 S.W.2d 512, 514 (Tex. App.--Fort Worth 1996, no pet.) (same
standard for revocation of adult probation). We review the decision to modify the disposition for an abuse
of discretion. See In re R.C., 493 S.W.2d 620, 626-627 (Tex. Civ. App.--Amarillo 1973, writ ref'd
n.r.e.) (revocation of juvenile probation); Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App.
1983) (revocation of adult probation). The court errs if insufficient evidence supports its conclusion. In
reviewing a legal sufficiency challenge, we will review all of the evidence in the light most favorable to the
court's order See M.S., slip op. at 5-6, n.2. In reviewing a factual sufficiency challenge, we consider all
the evidence and can reverse the judgment and remand the case if the finding is so against the overwhelming
weight and preponderance of the evidence as to be manifestly unjust. Cf. Clewis v. State, 932 S.W.2d
126, 128 (Tex. Crim. App. 1996) (standard for reviewing criminal conviction).

 J.A.P. contends that the court erred by finding that he possessed an illegal knife because
his weapon was too dull and thick to fit the statutory definition of illegal knife; he disputes, not t