COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

DONNIE RAY THOMAS,                                   )

                                                                              )               No.  08-01-00414-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )           
Criminal District Court #4

THE STATE OF TEXAS,                                     )

                                                                              )            
of Dallas County, Texas

Appellee.                           )

                                                                              )              
(TC# F-0151197-UK)

                                                                              )

 

 

O
P I N I O N

 

Appellant, Donnie
Ray Thomas, appeals his conviction for possession of a controlled substance,
cocaine, and sentence of 10 years=
confinement.  Appellant raises two issues
for review by this Court.  He argues the
evidence adduced at trial was both legally and factually insufficient to
sustain a conviction.  We will affirm the
action of the lower court.








On April 4, 2000,
Officer Anthony Hernandez and his partner were on routine foot patrol on the
grounds of the Dallas Inn.  The Dallas
Inn is a combination motel-apartment complex in Dallas County, Texas.  The site is considered to be a high crime and
high drug usage area.  As the officers
entered a courtyard of the complex, they encountered Appellant.  Appellant was walking through the courtyard
crossing in front of the officers. 
Officer Hernandez and Appellant were approximately ten feet apart from
each other when the officer saw Appellant drop something from his left
hand.  Appellant was detained by the
other officer; and Hernandez searched the area and recovered a fish food
container.  There were several small ziplock baggies containing a white rock-like substance in
the container.  He performed a field test
on the substance, which tested positive for crack cocaine.  Appellant was then arrested and later
indicted for possession of cocaine in an amount greater than one gram but less
than four grams.

At trial before
the court, the State called Officer Hernandez to testify.  The State also offered into evidence two
exhibits.  State=s
Exhibit One is a document entitled Defendant=s
Agreement to Stipulate Evidence.  It
is signed by both Appellant and his counsel at trial.  The document is basically a written statement
indicating Appellant agrees to stipulate to certain evidence in the case and
waives his rights of appearance, confrontation, and cross-examination with
regard to such evidence.  The signature
of the trial judge is also included on the bottom of the document, with a
statement indicating the agreement is approved by the court.  State=s
Exhibit Two is a document entitled Stipulation.  It is signed by Appellant, defense counsel,
and the assistant district attorney.  It
provides in whole:

IT IS HEREBY STIPULATED THAT

 

The substance, found by Officer
Hernandez, contained in zip-lock baggies, is a controlled substance,
to-wit:  COCAINE, in an amount by
aggregated weight, including any adulterants or dilutants,
of 1 gram or more but less than 4 grams, 

. . . .

 

The State=s
case-in-chief consisted of the testimony of Officer Hernandez and the two
exhibits admitted into evidence.








After the State
rested, the Defense called Appellant. 
Appellant denied possession of the container of cocaine.  He testified he had gone to the complex to
visit his aunt and he encountered the police officers as he was leaving.  He maintained he was not carrying, never
discarded, and knew nothing about the container of drugs recovered by Officer
Hernandez.  He testified that a number of
other people were in the courtyard and near the complex at the time the police
were patrolling.  He also told the court
drugs were regularly sold in the area. 
Appellant maintained the officer was simply mistaken about seeing the
container in his possession.  

At the conclusion
of Appellant=s
testimony, both sides rested and presented closing arguments.  The court found Appellant guilty and
sentenced him to ten years=
confinement.  Appellant then gave notice
of appeal and appellate counsel was appointed by the court.

Appellant now
argues the evidence presented at trial was both legally and factually
insufficient to support the conviction. 
Integral to these arguments is Appellant=s
reliance on and discussion of two exhibits found at the end of the reporter=s record for this case.  However, as noted in the State=s brief, these documents are unrelated
to the case before us on review.  Though
we cannot consider documents outside of the record or arguments specifically
relying on such documents, we can consider any general claims raised by
Appellant not relating to documents or occurrences outside the record.  Tex.R.App.P. 38.9.  Given such constraints, it appears Appellant
raises two related sub-issues in support of his contention the evidence was
both legally and factually insufficient to support a conviction.  First, Appellant argues the State failed to
introduce the fish food container and the drugs found therein into
evidence.  Second, Appellant asserts
Officer Hernandez failed to make an in-court identification of the items seized
at the scene and establish a chain of custody.








Appellant argues,
without citation to authority, that the State failed to introduce the cocaine
recovered by the police.  Contrary to
Appellant=s
assertion, it is not necessary for the State to offer into evidence the
controlled substance found in the possession of a defendant.  Lake v. State, 577
S.W.2d 245, 246 (Tex.Crim.App. 1979); Velasquez v.
State, 941 S.W.2d 303, 306 (Tex.App.--Corpus
Christi 1997, pet. ref=d);
Freeman v. State, 917 S.W.2d 512, 515 (Tex.App.--Fort
Worth 1996, no pet.); Rogers v. State, 656 S.W.2d 511 (Tex.App.--Beaumont 1983, pet. ref=d).  It is sufficient that Officer Hernandez
testified he saw Appellant discard the container of drugs and that he
immediately recovered the container.  Freeman,
917 S.W.2d at 515. 
This testimony coupled with Appellant=s
stipulation that the container recovered actually contained cocaine in the
amount for which he was indicted is adequate. 
Freeman, 917 S.W.2d at 515; Wallace v. State,
770 S.W.2d 874, 877 (Tex.App.--Dallas 1989, pet. ref=d).  We further note that no objection was made at
trial concerning the absence of the cocaine. 
Martinez v. State, 640 S.W.2d 378, 379 (Tex.App.--San Antonio 1982, pet. ref=d).  Appellant did not request an independent
inspection or testing of the items recovered at the scene.  McBride v. State,
838 S.W.2d 248, 251 (Tex.Crim.App. 1992); Bell v.
State, 866 S.W.2d 284, 288 (Tex.App.--Houston
[1st Dist.] 1993, no pet.).  Nor
is there any evidence or suggestion of bad faith on the part of the State.  Velasquez, 941
S.W.2d at 306; Freeman, 917 S.W.2d at 515.  Appellant=s
argument relating to the failure to introduce the actual cocaine into evidence
lacks merit.








Appellant cites no
authority for his contention that the items recovered at the scene were
required to be presented and identified by Officer Hernandez at trial.  As previously noted, Texas law does not
require the actual controlled substance to be admitted into evidence.  Lake, 577 S.W.2d at
246; Velasquez, 941 S.W.2d at 306; Freeman, 917 S.W.2d at
515; Rogers, 656 S.W.2d at 511. 
Because the items were not introduced at trial for demonstrative or
evidentiary purposes, there would be no need for an in-court
identification.  Further, chain of
custody is not at issue in this case either. 
Appellant=s
stipulation that the contraband recovered was cocaine in the amount of more
than one gram but less than four grams obviates any issue related to chain of
custody.  Appellant=s argument related to these points
fails.

Because we find no
legal merit in the arguments raised by Appellant, there is no need to analyze
the claims under the rubric of legal and factual sufficiency of evidence.  Appellant=s
issues on appeal are overruled.  The
judgment of the trial court is affirmed. 


 

 

June 20, 2002

DAVID WELLINGTON CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)