IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00233-CR

No. 10-09-00248-CR

 

Robert Leon Jenkins, Jr.,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 361st District
Court

Brazos County, Texas

Trial Court Nos. 08-03830-CRM-361
and 08-03663-CRF-361

 



MEMORANDUM  Opinion



 

            Robert Leon Jenkins pled
guilty, without the benefit of a plea bargain, to the felony offenses of
fraudulent use or possession of identifying information and forgery of a
financial instrument and the misdemeanor offense of failure to identify.  Tex. Penal Code Ann. §§ 32.51, 32.21(d),
38.02 (West Pamp. 2010).  He was sentenced to 23 months in a State Jail
facility in each of the felony offenses, and 180 days in jail in the
misdemeanor offense.  We affirm.

Jenkins's appellate attorney filed an Anders
brief in both appeals.  See Anders v. California, 386 U.S. 738,
87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  Jenkins was informed of his right to
submit a brief on his own behalf.  Although Jenkins did not file a brief, the
State did file a response to counsel’s Anders brief.

Counsel's brief suggests as potential
issues (1) voluntariness of the plea, (2) incorrect order of the hearing, (3)
excessive punishment, and (4) failure to make docket entries.  Counsel reviews
the potential issues and concludes that the appeal is frivolous.  Counsel's
brief evidences a professional evaluation of the record for error, and we
conclude that counsel performed the duties required of appointed counsel.  See
Anders, 386 U.S. at 744; High v. State, 573 S.W.2d 807, 812 (Tex.
Crim. App. 1978); see also In re Schulman, 252 S.W.3d 403, 407 (Tex.
Crim. App. 2008).

In reviewing an Anders appeal, we
must, "after a full examination of all the proceedings, … decide whether
the case is wholly frivolous."  See Anders, 386 U.S. at 744;
accord Stafford v. State, 813 S.W.2d 503, 509-11 (Tex. Crim. App.
1991).  An appeal is "wholly frivolous" or "without merit"
when it "lacks any basis in law or fact."  McCoy v. Court of
Appeals, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440
(1988).  Arguments are frivolous when they "cannot conceivably persuade
the court."  Id. at 436.  An appeal is not wholly frivolous when it
is based on "arguable grounds."  Stafford, 813 S.W.2d at 511.

After a review of the entire record in
this appeal, we determine the appeal to be wholly frivolous.  See Bledsoe
v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).  Accordingly, we
affirm the trial court's judgment.

Should Jenkins wish to seek further
review of this case by the Texas Court of Criminal Appeals, Jenkins must either
retain an attorney to file a petition for discretionary review or Jenkins must
file a pro se petition for discretionary review.  Any petition for
discretionary review must be filed within thirty days from the date of either
this opinion or the last timely motion for rehearing that was overruled by this
Court.  See Tex. R. App. P.
68.2.  Any petition for discretionary review must be filed with this Court,
after which it will be forwarded to the Texas Court of Criminal Appeals along
with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for discretionary review
should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure.  See Tex. R.
App. P. 68.4.  See also In re Schulman, 252 S.W.3d at 409 n.22.

Counsel's request that he be allowed to
withdraw from representation of Jenkins is granted.  Additionally, counsel must
send Jenkins a copy of our decision, notify Jenkins of his right to file a pro
se petition for discretionary review, and send this Court a letter certifying
counsel's compliance with Texas Rule of Appellate Procedure 48.4.  Tex. R. App. P. 48.4; see also In re
Schulman, 252 S.W.3d at 409 n.22.

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed February 2, 2011

Do
not publish

[CR25]






;                                                                                         
                                                                                                            
O P I N I O N
                                                                                                                
   
      On August 28, 1989, Ulysses E. Wiley, Sr. pled guilty to the offense of delivery of less
than twenty-eight grams of a controlled substance, specifically cocaine. The trial court
assessed punishment of ten years’ imprisonment, probated for ten years. Only two weeks
before the end of the probationary period, the trial court revoked Wiley’s probation and
imposed a sentence of seven years’ confinement. We will find that (1) Wiley failed to preserve
his complaint that the State did not timely prosecute its motion to revoke his probation, (2) the
evidence is sufficient to support the court’s finding that Wiley violated at least one term and
condition of his probation, and (3) we need not address Wiley’s complaint regarding testimony
by his probation officer about information contained in his probation file because the court’s
order is supported by a ground unrelated to this evidence. We will affirm the judgment.
Due diligence
      In his first point of error, Wiley claims that the court should have dismissed the State’s
motion to revoke his probation because the State failed to exercise due diligence in prosecuting
its claims relating to violations which occurred in the early 1990's. Although termed a “due
diligence” claim, Wiley’s argument is not that the State failed to prosecute its motion to revoke
within the probationary period, but that its delay in seeking to hold him accountable for
violating the terms and conditions of his probation violated his due process rights.
      As a general rule, complaints must be presented to the trial court before they can be
presented to this court. Tex. R. App. P. 33.1. This rule “requires that the record show the
complaint was timely made to the trial court, the grounds were specifically stated or were
readily apparent, the complaint complied with the rules of evidence or appellate procedure, and
the requirement of a ruling on the complaint be satisfied.” Ibarra v. State, 11 S.W.3d 189,
197 (Tex. Crim. App. 1999). Except for complaints involving fundamental constitutional
systemic requirements, failure to comply with Rule 33.1 results in the waiver of all other
complaints based on a violation of both constitutional and statutory rights. Id. 
      Wiley filed a motion to dismiss the State’s motion to revoke his probation more than a
month before the hearing on the motion to revoke. In that motion, he argued, in part, that the
motion should be dismissed because some of the allegations were very old. However, he did
not raise this theory at the hearing on the motion to revoke,


 there is no written ruling in the
record on his motion to dismiss, and he has not pointed to a ruling by the trial court in his
brief. Nor is there any indiction that the motion was otherwise called to the court’s attention. 
Thus, there is no basis for finding that the trial court “ruled on [his] motion, either expressly
or implicitly,” and we must find that his complaint is not preserved. Id.; Tex. R. App. P.
33.1. We overrule point of error number one. 
Sufficiency of the evidence to support the revocation
      In his third point of error, Wiley argues that the evidence is legally insufficient to sustain
the court’s decision to revoke his probation. We have previously held that sufficiency points
are not independent grounds of error in an appeal of a probation revocation order, but are
incorporated into the determination of whether the court abused its discretion. Brumbalow v.
State, 933 S.W.2d 298, 299-300 (Tex. App.—Waco 1996, pet. ref'd). The State's burden of
proof in a revocation proceeding is by a preponderance of the evidence. Cobb v. State, 851
S.W.2d 871, 873 (Tex. Crim. App. 1993). When the State has failed to meet its burden of
proof, the trial court abuses its discretion in issuing an order to revoke probation. Cardona v.
State, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984).
      When the sufficiency of the evidence to support the trial court's order is challenged, we
review the evidence in the light most favorable to the trial court's findings. Freeman v. State,
917 S.W.2d 512, 514 (Tex. App.—Fort Worth 1996, no pet.). If the probation revocation can
be upheld on one ground, the insufficiency of other grounds will not render the judgment
erroneous. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); Elizondo v. State,
966 S.W.2d 671, 672 (Tex. App.—San Antonio 1998, no pet.).
      The State based its effort to revoke on thirteen alleged violations of the terms and
conditions of his probation. Among those allegations was the claim that Wiley had violated the
laws of Texas by committing the offense of theft in 1993. The State introduced a judgment
into evidence which reflected that a “Ulysses Wiley” pled guilty to the offense of theft by a
public servant on July 13, 1993, and was assessed punishment of one day in the county jail and
a $164 fine. During the State’s cross-examination, Wiley acknowledged that he was the
“Ulysses Wiley” involved in the judgment, but denied that he actually committed the offense. 
This evidence is sufficient to support the court’s finding of “true” on the allegation that Wiley
violated Texas law by committing the offense of theft. Cobb, 851 S.W.2d at 873; Freeman,
917 S.W.2d at 514. Thus, the court did not abuse its discretion when it revoked Wiley’s
probation. Brumbalow, 933 S.W.2d at 300-01; Elizondo, 966 S.W.2d at 672. Wiley’s third
point of error is overruled.
Hearsay complaints concerning drug and alcohol use
      In his second point of error, Wiley argues that the court erred when it overruled his
hearsay objections and allowed his probation officer, Thomas Miller, to testify that Wiley
tested positive for the presence of controlled substances in his urine on several occasions and
had admitted to using alcohol on other occasions based solely on information contained in
Wiley’s probation file. However, the trial court was within its discretion to revoke Wiley’s
probation based on the finding of a violation of Texas law discussed above, a finding that does
not involve the evidence admitted over his hearsay objections. Because a finding of a single
violation is sufficient to support revocation, Wiley’s complaints about the court’s rulings on his
hearsay objections cannot establish that the court abused its discretion by a decision based on
grounds unrelated to the objections. See Dunn v. State, 997 S.W.2d 885, 887 (Tex.
App.—Waco 1999, pet. ref’d) (citing Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim.
App. [Panel Op.] 1980), and Marcum v. State, 983 S.W.2d 762, 766-67 (Tex. App.—Houston
[14th Dist.] 1998, pet. ref'd)). Thus, Wiley’s second point of error is overruled.
Conclusion
      We have overruled all three of Wiley’s points of error. Therefore, the judgment revoking
his probation is affirmed. 
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis
          Justice Vance, and
          Justice Gray
Affirmed
Opinion delivered and filed October 4, 2000
Do not publish