NO. 07-12-00184-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 21, 2013

NOE RANGEL NIAVEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18,265-C; HONORABLE ANA ESTEVEZ, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant Noe Rangel Niavez appeals the trial court's revocation of his community supervision and its judgment sentencing him to eight years confinement in prison for felony driving while intoxicated.[1] His court-appointed appellate counsel has filed a motion to withdraw supported by an *Anders*[2] brief. Counsel's motion to withdraw will be granted and the case abated and remanded for appointment of new appellate counsel.

---

[1] *See* Tex. Penal Code Ann. §§ 49.04(a) & 49.09(b)(2) (West Supp. 2012).

[2] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Background

In September 2006, a Randall County grand jury indicted appellant for the offense of driving while intoxicated, third offense, a felony. On October 23, 2008, the trial court called appellant's case for trial and appellant entered a guilty plea pursuant to a plea bargain agreement. Appellant signed a stipulation of evidence and the court found him guilty. By the plea agreement, the State recommended a sentence of four years confinement in prison and a fine of $1500. The trial court accepted the State's recommendation and sentenced appellant accordingly.

The reporter's record then shows that on the same day, the following occurred:

(Off-the-record discussion was had.)

(Recess was had.)

The Court:    At this time the Court re-calls Cause No. 18,265-C, The State of Texas versus [appellant].

Is the State ready?

[The Prosecutor]:    The State is ready, your Honor, and we--the State moves for a new trial in this cause.

***

I have asked the Court for a new trial so that we can make a new offer that I believe the Defense has indicated they are willing to take in this case.

The Court:    All right. Any objection to the new trial?

[Defense Counsel]:  No, your Honor.

The Court:    At this time, the Court brings a new trial . . . .  For new trial is the State ready to proceed?

[The prosecutor]:    The State is ready.

The Court:    And is the Defense ready?

[Defense counsel]:  Defense is ready, Your Honor.

2

Appellant then waived reading the indictment. As it did in the first trial, the court received appellant's plea of guilty to the charged offense, gave admonishments, and addressed the consequence of appellant's stipulation of the evidence and judicial confession. The court then examined the new plea bargain agreement between appellant and the State requiring, among other things, a guilty plea to the charged offense, a sentence of ten years confinement in prison probated for four years, a fine, confinement in a SAFP program, and confinement until space in SAFP became available. After further admonishing appellant and learning he desired to accept the new agreement, the court accepted the agreement, finding appellant guilty of the charged offense. Finding no reason not to proceed with punishment, the court then sentenced appellant according to the terms of the new plea bargain.

In April 2010, the State moved to revoke appellant's community supervision. It alleged appellant failed to comply with five conditions of his community supervision order. Among the violations alleged was failure to attend and successfully complete an outpatient treatment program.

At the May 2012 hearing on the State's motion, appellant plead "guilty" to each of the violations of community supervision alleged. After hearing evidence the trial court sentenced appellant to eight years confinement in prison. Appellant now appeals.

## Discussion

A new trial means "the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt." Tex. R. App. P. 21.1(a). The procedural provisions governing motions for new trial in a criminal case require

strict compliance. *Oldham v. State,* 977 S.W.2d 354, 361 (Tex.Crim.App. 1998); *see Drew v. State,* 743 S.W.2d 207, 223 (Tex.Crim.App. 1987).

The Court requests briefing regarding the trial court's action granting a new trial on the State's motion, and any consequences regarding the jurisdiction of the trial court to conduct the new trial. *See Zaragosa v. State,* 588 S.W.2d 322, 326-27 (Tex.Crim.App. 1979) (new trial in a criminal case may be granted only on motion of defendant; court's lack of authority to order new trial sua sponte made a nullity of the second trial and conviction, under former Code of Criminal Procedure Articles 40.02 & 40.03); *Stone v. State,* 931 S.W.2d 394, 396 (Tex.App.--Waco 1996, pet. refused) (court may not grant new trial in criminal case on its own motion or on the motion of the State; procedural provisions governing motion for new trial in a criminal trial must be complied with for court to have jurisdiction to consider motion); *Freeman v. State,* 917 S.W.2d 512, 514 (Tex.App.--Fort Worth 1996, no pet.) (motion of State treated as motion for new trial, hearing on State's motion was a nullity). *But see State v. Aguilera,* 165 S.W.3d 695, 698 (Tex.Crim.App. 2005) (trial court retains plenary power to modify sentence if modification is made on same day as initial sentence and before court adjourns for the day).

Counsel's motion to withdraw is granted. The appeal is abated and the case is remanded to the trial court for appointment of new counsel. Newly-appointed counsel shall prepare and file an appellant's brief addressing the issue we have identified as well as any other meritorious ground that might support reversal or modification of the judgment.

4

The trial court shall notify this court in writing of the name, address, telephone number, fax number, and state bar number of appellant's newly-appointed counsel within ten days of the date of this order. Newly-appointed counsel shall file the appellate brief for appellant within thirty days of the date of appointment by the trial court. The remaining briefing deadlines shall fall according to appellate rule 38.6(b),(c). Tex. R. App. P. 38.6(b),(c).

It is so ordered.

Per Curiam

Do not publish.