Gerald Allen LAKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 57176.

Court of Criminal Appeals of Texas,
Panel No. 2.

Feb. 21, 1979.

James A. Moore and Randy Martin,
Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F.
DeWitt, III, Douglas O'Brien and Jack
Frels, Asst. Dist. Attys., Houston, for the
State.

Before ODOM, PHILLIPS and DALLY,
JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for
possession of heroin wherein punishment

was enhanced pursuant to the habitual offender statute, V.T.C.A., Penal Code Sec. 12.42, and assessed at life. Appellant claims error was caused at the trial level by improper voir dire and destruction before trial of the heroin he was alleged to have possessed.

Appellant first complains that the trial court committed error in granting the state's motion in limine which forbade him from informing the jury that life imprisonment would be mandatory under Penal Code Sec. 12.42 if they found during the punishment phase that he had twice before been convicted of felonies. He does not claim that granting the motion in limine itself was error but that it combined with the prosecutor's voir dire to produce error. The prosecutor voir dired on a range of punishment from five years to life, asking the jurors if they could give what he called the maximum in an appropriate case. He also emphasized the bifurcated nature of Texas criminal trials. Appellant claims that this voir dire gave the jury the impression that they would have discretion in sentencing where they actually did not and that this affected their deliberations to his detriment.

 It is well settled that the trial court may forbid discussion of a punishment absolutely fixed by law during all stages of the trial. *Thomas v. State*, Tex.Cr.App., 543 S.W.2d 645. It would perhaps have been better practice for the prosecutor to submit his motion before voir dire, but there was no harm in the procedure used in this case. The prosecutor's voir dire, if error, was harmless error.

Appellant insists he cannot be convicted of possession of heroin since the heroin was destroyed before trial. Appellant had been tried once before on this same offense but his conviction was set aside by the trial court. After the first conviction the heroin had been destroyed by order of the trial court.

It is true, as appellant argues, that a defendant should be given access to contraband for the purpose of analysis *when*

*available.* *Terrell v. State*, Tex.Cr.App., 521 S.W.2d 618. *Detmering v. State*, Tex.Cr.App., 481 S.W.2d 863. There are instances, however, when it is not available, such as when it is lost or is destroyed in the process of analysis. Under such circumstances it is not error to convict for possession of drugs absent the physical presence of the drug itself, providing the drug has been analyzed and the chain of custody explicated. See *Montes v. State*, Tex.Cr.App., 503 S.W.2d 241. In the instant case, the chemist who made the analysis was present and available for questioning as were the officers who made the arrest and seizure and who could testify to the chain of custody. Of course, the state must not be allowed to purposefully or carelessly destroy evidence with an eye to harming a defendant, but there was no showing of bad faith on the state's part in this case. The heroin was destroyed by order of the trial court after the first trial, and the prosecutor did not discover the fact until the day before the trial.

Appellant's pro se briefs have been examined and found to be without merit.

The judgment is affirmed.