**Walter MARTINEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 04–81–00144–CR.**

Court of Appeals of Texas, San Antonio.

Sept. 8, 1982.

Discretionary Review Refused Dec. 8, 1982.

Don W. King, Jr., San Antonio, for appellant.

Ronald L. Sutton, Junction, for appellee.

## OPINION

Before KLINGEMAN, BUTTS and CLARK, JJ.

REEVES, Justice.

This is an appeal from a conviction for delivery of a controlled substance, a mixture of heroin and cocaine. Both heroin and cocaine are in penalty group one of the Controlled Substances Act and delivery of either constitutes a first degree felony. Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.03(b)(1) (Vernon 1976). The court assessed punishment at ten years' confinement in the penitentiary. We affirm.

The essential facts in this case are undisputed. The appellant was introduced to an undercover narcotics agent for the Department of Public Safety in January of 1979 in Kerrville. On February 5, 1979, the appellant and the undercover agent had another meeting during which the appellant asked the agent whether he was looking for some "smack." The agent purchased three balloons from Martinez at $20.00 a piece. Later the same day the agent initialed each balloon and placed them in a locked brief case in the trunk of his car. The next day, February 6, 1979, he transferred the balloons into a white envelope on the cover of which he wrote the date and place of the purchase of the balloons and the name of Martinez. The white envelope was in turn placed in a larger brown envelope which was mailed with sufficient postage to the Department of Public Safety Laboratory in Austin. The package was received at the laboratory by a forensic chemist. The chemist, Jim Burris, identified at trial the envelopes and balloons from the case numbers and initials he had written on them. He further testified that he had conducted several chemical tests on a tan powder contained in the balloons. These tests indicated that the powder contained both heroin and cocaine. Sometime after the completion of these tests the appellant was arrested in June of 1979.

■ Appellant's first ground of error contends that there is insufficient evidence to sustain the conviction due to the failure of the State to introduce the actual heroin and cocaine into evidence. The record reflects that no objection was made to the trial court concerning the absence of the heroin and cocaine, although appellant did raise the issue in his motion for new trial. The controlled substance itself need not always be introduced into evidence in order to sustain a conviction:

> There are instances, however, when it [the controlled substance] is not available, such as when it is lost or destroyed in the process of analysis. Under such circumstances it is not error to convict for the possession of drugs absent the physical presence of the drug itself, providing the drug has been analyzed and the chain of custody explicated. *See Montes v. State,* Tex.Cr.App., 503 S.W.2d 241 . . . . Of course the state must not be allowed to purposefully or carelessly destroy evidence with an eye to harming a defendant, but there was no showing of bad faith on the state's part in this case.

*Lake v. State,* 577 S.W.2d 245, 246 (Tex.Cr. App.1979).

There was an unbroken chain of custody from the undercover agent to the forensic chemist. The State proved the contents of the balloons to contain heroin and cocaine and we hold this is sufficient evidence to sustain the conviction. There is also no evidence of bad faith on the part of the State. The appellant's first ground of error is therefore rejected.

■ Appellant contends in his second ground of error that the trial court incorrectly denied his motion to quash because the indictment failed to specify what manner of delivery the State intended to prove. The appellant's pre-trial motion to quash the indictment read in pertinent part:

> Defendant has not received notice of the particular offense with which he is charged. Also, in the event Defendant is acquitted or convicted on said indictment he could not interpose a plea of former acquittal or former conviction or a plea of double jeopardy and bar further prosecution.

The indictment in this case was defective. The instrument should have alleged the manner of delivery as provided for under the statute: either actual delivery, constructive delivery, or an offer to sell. *See Ferguson v. State,* 622 S.W.2d 846, 851 (Tex.Cr.App.1981, Opinion on Rehearing); Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 1.02 (8) (Vernon Supp.1982).

The appellant's motion to quash, however, did not point out the omission of the manner of delivery to the trial judge. The improper allegation of the manner of delivery in the indictment was a defect of notice or form and not a fundamental defect. *See Ferguson v. State,* 622 S.W.2d 846, 851 (Tex.Cr.App.1981, Opinion on Rehearing); *Anderson v. State,* 615 S.W.2d 745, 746 (Tex.Cr.App.1981). When such defects in notice occur they must be pointed out in a timely and sufficient pre-trial motion or they are waived. *See Romo v. State,* 593 S.W.2d 690, 693–94 (Tex.Cr.App.1980); *Drumm v. State,* 560 S.W.2d 944, 946 (Tex. Cr.App.1977); *Livingston v. State,* 542 S.W.2d 655, 657–58 (Tex.Cr.App.1976). Appellant's failure to point out delivery as a defect waives that error on appeal. We also note that there is no record of the hearing on the appellant's motion to quash. In the absence of a record to the contrary, we assume that the trial judge acted correctly in ruling on those matters which were brought to his attention. *See Hardin v. State,* 471 S.W.2d 60, 63 (Tex.Cr.App. 1971). Appellant's second ground of error is rejected.

■ Our examination of the indictment in this case shows that that the appellant was charged with delivery of cocaine on a date when cocaine was not specifically named as a controlled substance. The statute at the time of the offense stated:

> Coca leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical . . . .

Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.02 (b)(3)(D) (Vernon 1976).

In August 1979, the statute was amended to include cocaine. An indictment for an offense prior to that time, which alleged cocaine without showing why it was a controlled substance, was fundamentally defective. *See Crawford v. State,* 624 S.W.2d 906, 907 (Tex.Cr.App.1981); *Ex Parte Perez,* 618 S.W.2d 770, 771 (Tex.Cr.App.1981); *Crowl v. State,* 611 S.W.2d 59, 60–61 (Tex. Cr.App.1980). The count upon which the appellant's conviction is based charges that he "did then and there intentionally and knowingly deliver to Jerry Brown a controlled substance, to-wit: a mixture of heroin and cocaine." The question therefore, is whether a valid conviction for delivery of heroin can be based upon this indictment.

In *Crowl v. State,* 611 S.W.2d 59 (Tex.Cr. App.1980), the court of criminal appeals dismissed the indictment alleging possession of cocaine because it failed "to allege an essential element of the offense and is fundamentally defective." *Id.* at 61. The necessary or essential elements for an indictment for the offense of delivery of a controlled substance are:

1. A person
2. Did knowingly or intentionally
3. Deliver
4. A controlled substance
5. Name of controlled substance. *Texas Annotated Penal Statutes,* V. 4, p. 94 (Branch's 3d Ed. 1978).

The indictment in this case still lists the name of a controlled substance, heroin, which was prohibited by law at the time the appellant was alleged to have committed the offense. Tex.Rev.Civ.Stat.Ann. art. 4476–15, §§ 2.03(c)(10), 4.03(b)(1) (Vernon 1976). The specification of heroin, without reference to cocaine, together with the other remaining essential elements, alleges an offense against the laws of this state.

We must, therefore, determine whether the allegation of cocaine can be disregarded and the remainder of the count used as a basis for sustaining this conviction. The court of criminal appeals has held that the existence of surplusage or a matter not essential or necessary for charging an offense, will not destroy the validity of an

indictment, so long as that which is necessary or essential for charging an offense is present. *See Ferguson v. State,* 572 S.W.2d 521, 523–24 (Tex.Cr.App.1978); *Burrall v. State,* 526 S.W.2d 799, 802–03 (Tex.Cr.App. 1975); *Collins v. State,* 500 S.W.2d 168, 169 (Tex.Cr.App.1973). If cocaine is treated as surplusage in this indictment, all of the essential elements of the offense of delivery of a controlled substance remain.

Additionally, the indictment in this case can be compared to instruments which allege in one count several different ways of committing one offense. In such cases, the State may, subsequent to the indictment, abandon one of the theories or alleged means of commission, and obtain a valid conviction on one of the remaining. *See Sidney v. State,* 560 S.W.2d 679, 681 (Tex. Cr.App.1978); *Garcia v. State,* 537 S.W.2d 930, 932–33 (Tex.Cr.App.1976). Should all of the methods or theories of commission be retained in the count, a conviction can be obtained if one method is proven. *See Dovalina v. State,* 564 S.W.2d 378, 383 (Tex.Cr. App.1978). Delivery of a controlled substance in penalty group one can be accomplished in as many ways as there are substances listed or combinations thereof. Tex.Rev.Civ.Stat.Ann. art. 4476–15, §§ 2.03; 4.03(b)(1) (Vernon 1976). By examining the indictment in this case as a form of conjunctive pleading in one count, we have determined that there remains, without the cocaine, the allegation of a means of delivering controlled substance which was supported by the evidence at trial. We hold, therefore, that the indictment in this case is sufficient to support a conviction for delivery of a controlled substance.

The appellant's two grounds of error having been rejected, and the indictment found sufficient upon examination, we affirm appellant's conviction.

KLINGEMAN, J., not participating.