Ronnie Allen **RICHARDSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–93–100 CR.

Court of Appeals of Texas,
Beaumont.

Sept. 29, 1993.

William G. Martin, Jr., Beaumont, for appellant.

Tom Maness, Dist. Atty., Rodney Conerly, Asst. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

A jury convicted Ronnie Allen Richardson of possession of a controlled substance, cocaine in an amount less than 28 grams. Appellant entered a plea of "true" to the repeat offender allegation. The jury assessed punishment at seventeen years' confinement in the Texas Department of Criminal Justice, Institutional Division and a $1,500 fine. Appellant raises two points of error.

Point of error one challenges the sufficiency of the evidence to sustain the conviction. In reviewing such a challenge we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found all of the elements of the charged offense to have been proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Officer LeBouef was observing the evening activities outside the Celebrity Lounge. Appellant walked outside with Don Reginald James and sat on an iron rail. Appellant took a white napkin out of his pocket, opened the napkin and laid it on his knee. Officer LeBouef had a pair of binoculars through which he could actually see the cocaine on appellant's knee. Another man, Mark Sigur, approached appellant, picked a "rock" of cocaine off the napkin, and put it in his pocket. Three patrol units arrived. Appellant handed the napkin to James, who dropped it. The three men were taken into custody. The napkin was recovered from the ground; Officer Boudreaux found crack cocaine inside. The officer also took scrapings from James' shoe and the ground where James had been standing. A push rod and a razor blade were recovered from appellant. There were white scraped flakes on the razor blade. The state established the chain of custody of the evidence from the officers to the Jefferson County Regional Crime Laboratory. Lori Bates, an analyst for the Regional Laboratory, testified that she personally analyzed the substances recovered in this case and they were cocaine.

Viewing the evidence in the light most favorable to the prosecution, the jury could have found beyond a reasonable doubt that appellant intentionally and knowingly possessed a controlled substance, cocaine, in an amount less than 28 grams. James testified, on behalf of the defense, that the drugs were his and denied that Sigur ever approached them. The jury could reject this testimony and appellant's version of the facts. *Penagraph v. State,* 623 S.W.2d 341 (Tex.Crim. App.1981). Nor is it necessary that the state actually produce the controlled substance at trial. *Lake v. State,* 577 S.W.2d 245 (Tex. Crim.App.1979); *Montes v. State,* 503 S.W.2d 241 (Tex.Crim.App.1974). Point of error one is overruled.

Point of error two maintains the trial court erred in admitting the Lori Bates' testimony as to the chemical analysis of the substance "which had been destroyed under an order secured in bad faith by the District Attorney's office ... knowing that Appellant's case was still pending and therefore depriv-

ing the Appellant the right to examine it and have an independent analysis conducted on the substance." The samples recovered by scraping the ground and James' shoe were consumed in testing. The contents of the napkin were not consumed by testing but were destroyed by court order after disposition of Sigur's case. The record reflects that appellant never requested an independent analysis of the substance, so his argument that he was deprived of such an analysis is not supported by the record. Testimony was offered to the effect that the contraband was destroyed in error. The trial court could believe that testimony and find there was no bad faith involved. We find no error. *See, Lake,* 577 S.W.2d at 246. Point of error two is overruled. The judgment is affirmed.

AFFIRMED.