Opinion filed September 18, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed September
18, 2008

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00030-CR 

                                                     __________

 

                                   
STATE OF TEXAS, Appellant

 

                                                      
vs.

 

                             
HARVILL BLACKSHERE, Appellee

 



 

                                   
On Appeal from the 35th District Court

 

                                               
Brown County, Texas

 

                                         
Trial Court Cause No. CR17-488

 



 

                                              M E
M O R A N D U M   O P I N I O N

In
this case, we address questions relating to missing drugs in a possession of
methamphetamine case.  After effectively excluding evidence relating to the
methamphetamine, the trial court granted a motion to suppress, discharged the
jury empaneled to hear this case, declared a mistrial, and dismissed the case. 
The State appeals.  Because we find that the State=s arguments are well-taken, we set aside the
order of the trial court and remand this case.








Only
a brief recitation of the facts is necessary to determine the legal question
before us.  Brownwood Police Corporal Eddie Jones saw some individuals on a
public parking lot having what he thought to be a heated discussion. 
Blackshere was present during the discussion.  Fearing that an assault might be
possible, Officer Jones watched the individuals.  Officer Jones called for
other officers to come to the parking lot.  Officers Danny Hutchins and Bryan
Bell came to the parking lot. In the process of attempting to discover what was
happening at this parking lot, a substance thought to be methamphetamine was
discovered in a car near the seat where Blackshere had been sitting. 
Blackshere was arrested for possession of a controlled substance.  Officer Bell
took possession of the controlled substance and put it in his patrol car.  The
officer testified that the evidence was not tampered with in any way while in
his custody.  Officer Bell placed the evidence in a baggie and attached an
evidence tag upon which he placed his signature, the case number and a
description of what was in the baggie.[1]   The baggie
was marked as State=s
Exhibit No. 1.  He placed the evidence in the Brownwood Police Department
evidence locker, a secure facility.  Later, Brownwood Police Detective Bruce
Spruill picked up the drugs from the custodian of the evidence locker and sent
them to the Texas Department of Public Safety Crime Lab in Abilene for
testing.  A chemist at the crime lab tested the drugs, and they were returned,
along with a report of the lab results, to Detective Spruill.  Detective
Spruill returned the drugs to the evidence locker.

The
trial of this case was to begin on Monday, February 5, 2007.  On Friday
morning, February 2, 2007, as the State was preparing for trial, Detective
Spruill went to the evidence locker to retrieve the drugs but was unable to
find them.  Detective Spruill notified the prosecutor and, within a matter of a
few hours, the prosecutor notified Blackshere=s
attorney that they had not been able to find the drugs.








On
February 5, 2007, the day of jury selection, the trial court heard a motion for
continuance in which Blackshere sought more time in order that trial counsel
could further research the missing evidence matter.  In that motion for
continuance, Blackshere also asked for the appointment of an investigator to Ainvestigate the facts and
circumstances surrounding the >misplacing= of the alleged controlled
substance.@  The trial
court denied the motion.  Also on the same day, Blackshere filed a motion to
suppress based upon the fact that the drugs had been misplaced and that,
therefore, his rights Aunder
Article I, Section 19 of the Texas Constitution, and under Article 38.23 of the
Texas Code of Criminal Procedure@
had been violated.  He requested that the trial court suppress all tangible
evidence seized by the officers in connection with this case as well as all
testimony concerning that evidence.  He also asked the trial court to suppress
evidence of Alab
reports, results, or other evidence pertaining to the alleged controlled
substance in this matter.@ 
Blackshere further asked the trial court to suppress anything else it thought
should be suppressed.  The trial court announced that it was going to carry the
motion to suppress during the trial.

When
the State offered State=s
Exhibit No. 1 into evidence, Blackshere=s
attorney objected  Abased
on the previous motions submitted to the court.@ 
During a hearing held outside of the presence of the jury, it was shown that
the officer in charge of the evidence room during the periods relevant to this
case was Britt Brownlee.  It appears from the record that Brownlee had pleaded
guilty to a federal charge of conspiracy to distribute methamphetamine and was
awaiting sentencing when this case was tried.  There were several other
instances when drug evidence appeared to be missing from the evidence vault
while Brownlee was in charge of the evidence locker.  Brownlee was given the
opportunity to, and did, resign from the Brownwood Police Department.

The
DPS chemist and Detective Spruill reviewed the records of the chain of custody
in this case.  They both testified that they saw nothing that would cause them
to doubt the results of the lab tests or the chain of custody.  The evidence
showed that the tests Aare
all valid.@

The
trial court ultimately suppressed evidence related to the drugs, stating on the
record that  Blackshere had Abarely@ proved bad faith, and the
trial court found bad faith Asquarely@ on the part of the
Brownwood Police Department evidence custodian.  The trial court also dismissed
the case on the record.  Additionally, on February 6, 2007, the trial court
entered a written order that globally granted Blackshere=s motion to suppress.  On February 23, 2007,
the trial court entered a detailed written order in which it made certain
findings and in which it granted the motion to suppress, declared a mistrial,
and dismissed the case because of Brownlee=s
bad faith Aresulting
in insufficient evidence to sustain a conviction.@








In
its findings of fact and conclusions of law, the trial court concluded that
Blackshere=s rights
under the due course of law clause of the Texas Constitution and the due process
clause of the United States Constitution had been violated because the State
had acted in bad faith through Brownlee and the Brownwood Police Department
when the State failed to preserve evidence that it had a duty to preserve and
thereby deprived Blackshere of an opportunity to have the drugs independently
tested, when it failed to properly investigate and notify affected individuals
of the instances when drugs had gone missing, and when it failed to make
appropriate changes in its procedures in order to properly maintain evidence. 
The trial court also concluded that the State did not present any innocent
explanation for the missing methamphetamine.  The trial court further concluded
that Brownlee=s
actions and omissions constituted a conscious effort to abuse his position as
evidence custodian.  Additionally, the trial court found that, after it granted
the motion to suppress, there was insufficient evidence to sustain a
conviction.

We
review a trial court=s
ruling on a motion to suppress evidence for an abuse of discretion.  Balentine
v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  In reviewing a trial
court=s ruling on a
motion to suppress, appellate courts must give great deference to the trial
court=s determination
of historical facts while reviewing the trial court=s application of the law de novo.  Torres
v. State, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); Carmouche v. State,
10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997).  An appellate court must view the evidence in
the light most favorable to the trial court=s
ruling.  State v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). 
When, as here, a trial court makes explicit fact findings, the appellate court
determines whether the evidence, when viewed in the light most favorable to the
trial court=s ruling,
supports those fact findings.  Id.  We also give deference to the trial
court=s rulings on
mixed questions of law and fact when those rulings turn on an evaluation of
credibility and demeanor.  Guzman, 955 S.W.2d at 89.  Where such rulings
do not turn on an evaluation of credibility and demeanor, we review the trial
court=s actions de
novo.  Id.; Myers v. State, 203 S.W.3d 873, 879 (Tex. App.CEastland 2006, pet. ref=d).








The
Fourteenth Amendment to the United States Constitution contains the due process
clause.  Article I, section 19 of the Texas Constitution contains the due
course of law clause.  The standards used to show a violation of either when
evidence has been lost or destroyed is the same under either constitution.  McGee
v. State, 210 S.W.3d 702, 705 (Tex. App.CEastland
2006, no pet.).  The evidence in this case did not show that the missing
evidence was exculpatory.  The only evidence presented was that, up until the
time the drugs found by the court to be methamphetamine were tested and
returned to the Brownwood Police Department, they had not been tampered with in
any way and that there was no doubt that the tests were accurate.  Even if we
assume that the drug evidence was potentially exculpatory, the failure to
preserve potentially useful evidence does not constitute a denial of due
process unless a defendant can show bad faith on the part of the police.  Arizona
v. Youngblood, 488 U.S. 51, 58 (1988).  The same would be true under the
due course of law provisions of the Texas Constitution.  McGee, 210
S.W.3d at 704.[2]

In
Lake v. State, 577 S.W.2d 245, 246 (Tex. Crim. App. 1979), Lake had been
convicted of possessing heroin.  Sometime after the conviction, the heroin was
destroyed by order of the trial court.  Later, the trial court set aside the
conviction.  In a retrial, Lake claimed that he could not be convicted because
the heroin no longer existed.  The Court of Criminal Appeals disagreed.  While 
a defendant normally is entitled to access to the contraband and while Athe state must not be
allowed to purposefully or carelessly destroy evidence with an eye to
harming a defendant,@
a conviction can be had in the absence of the physical presence of the drugs if
the drug has been tested and if the chain of custody has been proven.  Id.
(emphasis added).  The court noted in Lake that the chemist who tested
the drugs as well as the officers involved in the chain of custody were present
and available for questioning.








            Here,
the chemist who analyzed the methamphetamine as well as the officers involved
in the chain of custody were present and testified.  The evidence shows that
the drugs were not missing until after the lab tests had been performed.  The
testimony shows that the tests were not compromised.  While it might have been
useless to move the trial court for independent lab testing after the drugs
were missing, Blackshere at no time either before or after it was discovered
that the drugs were missing asked that he be allowed to test the drugs
independently; he was apparently ready to go to trial without such an
independent examination.  Even if the circumstantial evidence presented would
be enough to show that the custodian of the evidence stole the methamphetamine
after it was tested, we cannot say that the evidence would show that the State
destroyed the evidence Awith
an eye to harming a defendant@
or that there was any evidence that the State did so carelessly.  Id. 
There has been no showing that the State acted in bad faith.  Because it was
not shown that the destroyed evidence was exculpatory but at most only
potentially exculpatory and because bad faith on the part of the State was not
shown, we sustain the State=s
two issues on appeal.

The
trial court=s order
granting Blackshere=s
motion to suppress, declaring a mistrial, and dismissing this case is set
aside, and this cause is remanded to the trial court.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

September 18,
2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]There was another evidence tag attached to the bag, but
it related to other drugs found on Willie Calvin who was also involved in the
events at the parking lot and who was also arrested for possession.





[2]A majority of Texas Courts of Appeals have held that
the due course of law clause in the Texas Constitution provides no greater
rights than the Due Process Clause of the United States Constitution in cases
of this nature.  Therefore, those courts, including this one, apply the bad
faith requirement set forth in Youngblood.  See Purvis v. State,
No. 12-06-00422-CR, 2008 WL 2221826 (Tex. App.CTyler
May 30, 2008, no pet.) (mem. op., not designated for publication); Sharpe v.
State, No. 05-07-00276-CR, 2008 WL 963130 (Tex. App.CDallas Apr. 10, 2008, no pet.) (not designated for
publication); Alvarado v. State, No. 07-06-00086-CR, 2006 WL 2860973, at
*3 (Tex. App.CAmarillo Oct. 9, 2006, no pet.) (mem. op., not
designated for publication); McGee v. State, 210 S.W.3d 702, 705 (Tex.
App.CEastland 2006, no pet.); Salazar v. State, 185
S.W.3d 90, 92 (Tex. App.CSan Antonio 2005, no pet.); Jackson v. State, 50
S.W.3d 579, 588-89 (Tex. App.CFort Worth 2001,
pet. ref=d); Williams v. State, 946 S.W.2d 886, 893 &
n.4 (Tex. App.CWaco 1997, no pet.); Mahaffey v. State, 937
S.W.2d 51, 53 (Tex. App.CHouston [1st Dist.] 1996, no pet.); Saldana v.
State, 783 S.W.2d 22, 23 (Tex. App.CAustin
1990, no pet.).  The Waco Court of Appeals (with one dissent) has now disagreed
with the other courts of appeals.  See Pena v. State, 226 S.W.3d 634,
645-46 (Tex. App.CWaco 2007, pet. granted).  Pena is currently
pending in the Texas Court of Criminal Appeals.