**Opinion filed June 10, 2021**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-19-00221-CR

_____

### KAYLA PENELOPE LANE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CR14876**

## M E M O R A N D U M   O P I N I O N

The grand jury indicted Kayla Penelope Lane for the state jail felony offense of delivery of a controlled substance, namely methamphetamine. The indictment also contained two enhancement paragraphs. After a bench trial, the trial court found Appellant guilty of the charged offense. At a subsequent hearing, Appellant pleaded true to the two enhancement paragraphs in the indictment, and the trial court assessed

her punishment and sentenced her to confinement for six years and a $1,500 fine. *See* TEX. PENAL CODE ANN. § 12.425(a) (West 2019). We affirm.

*Issue*

On appeal, Appellant raises a single issue and argues that the evidence was insufficient to support a finding of guilt beyond a reasonable doubt.

*Background Facts*

In August 2016, Sergeant Russell Ford of the Stephenville Police Department contacted Gabriella Lazarine to use her as a confidential informant to conduct drug buys in Stephenville, Texas. Sergeant Ford used Lazarine to set up a "controlled purchase" with Appellant, who was a person Lazarine had previously identified as a source of methamphetamine. Sergeant Ford and another officer instructed Lazarine to text Appellant to set up the purchase. Photographs of the text exchange were submitted to the trial court. Lazarine and Appellant ultimately agreed to meet at the Star-Lite Mobile Home Park where Lazarine would purchase one-half of a gram of methamphetamine for thirty dollars.

Before conducting the buy, Lazarine was strip-searched, and her car was searched to make sure there were no drugs or other contraband on her person. The officers also gave her the money to purchase the substance and a purse that contained a hidden camera. The officers further instructed Lazarine to place the methamphetamine in a zipper compartment in the purse.

Lazarine and the officers then traveled to the location of the controlled purchase in separate vehicles. When Lazarine reached the location, the officers could see Appellant sitting on the porch of a mobile home. They observed Appellant walk up to Lazarine's window and then get into Lazarine's front passenger seat. Appellant was in the car briefly; then she got out and went into the mobile home. At trial, Lazarine testified that, while in the car, she and Appellant had a brief conversation and that she gave Appellant the money for the drugs. The video of the

2

controlled purchase confirmed Lazarine's account—as the video clearly showed the purchase and Lazarine putting a small plastic bag in the purse.

Once the purchase was complete, Lazarine called the officers and then followed them back to the Municipal Service Center (MSC). As soon as they returned to the MSC, Sergeant Ford took possession of the purse, which contained methamphetamine in the zipper compartment. He then photographed the small ziplock baggie, determined the preliminary weight of the substance to be less than one gram, packaged up the substance, and secured it in a safe until he transported it to the lab to be tested.

Jacklyn Lochridge, a forensic scientist at the Texas Department of Public Safety Crime Laboratory in Abilene, testified that she tested the substance in this case and determined that it contained methamphetamine and weighed 0.51 grams plus or minus 0.05 grams. At trial, photographs of the substance in the ziplock baggie were admitted into evidence, but the substance itself was not admitted into evidence. Appellant was subsequently arrested in January 2017 in Brownwood, Texas. Sergeant Ford testified that Appellant was interviewed at the Brownwood Police Department and confessed to selling the methamphetamine to Lazarine back in 2016.

*Standard of Review*

In Appellant's sole issue, she claims that the trial court erred when it found her guilty of delivery of a controlled substance because the evidence was insufficient to support her conviction. We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements

of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When we conduct a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

*Analysis*

A person commits the offense of manufacture or delivery of a controlled substance if the person knowingly manufactures or delivers a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2017). Appellant does not argue that she did not deliver some substance to Lazarine, only that it was not sufficiently proven at trial that the substance she delivered was methamphetamine. Specifically, Appellant takes issue with the fact that the actual baggie that contained the methamphetamine was not admitted into evidence.

However, it is well settled that, under the statute, it is not necessary for the State to offer into evidence the actual controlled substance that is the subject of the prosecution, providing the drug has been analyzed and the chain of custody explicated. *Lake v. State*, 577 S.W.2d 245, 246 (Tex. Crim. App. [Panel Op.] 1979) (no error where the substance was analyzed, the chain of custody established, and

4

no showing of bad faith on the part of the State); *Thomas v. State*, No. 08-01-00414-CR, 2002 WL 1341109, at *2 (Tex. App.—El Paso June 20, 2002, no pet.) (not designated for publication).

Here, the forensic scientist testified that the substance she tested contained methamphetamine, and Sergeant Ford, in his testimony, established the chain of custody without objection.  In addition, the record does not reflect, nor does Appellant argue, that there was any evidence that the State "purposely or carelessly destroy[ed] evidence with an eye to harming [Appellant]."  *Velasquez v. State*, 941 S.W.2d 303, 306 (Tex. App.—Corpus Christi–Edinburg 1997, pet. ref'd) (quoting *Lake*, 577 S.W.2d at 246).  We also note that Appellant did not object to the absence of the substance at trial.  *See Martinez v. State*, 640 S.W.2d 378, 379 (Tex. App.—San Antonio 1982, pet. ref'd).  Therefore, we hold that the evidence was sufficient to support Appellant's conviction, and we overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

W. BRUCE WILLIAMS
JUSTICE

June 10, 2021

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.